```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**OLD REPUBLIC INSURANCE
COMPANY,**

    **Plaintiff,**

v.                                          CIVIL ACTION NO. 2:07-00669

**MASSEY ENERGY COMPANY and
RAWL SALES AND PROCESSING
COMPANY,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is the Motion to Dismiss and/or Stay Further Proceedings of Massey Energy Company and Rawl Sales and Processing Company ("Massey"). (Doc. No. 16.) For the reasons stated below, the motion is denied in part and granted in part.

**I.   Background**

The plaintiff, Old Republic Insurance Company ("Old Republic"), filed this Complaint seeking an adjudication of the parties' rights and obligations under various commercial liability insurance policies ("Policies") it issued to Massey. (Doc. No. 1 at 1.) The Policies provide that Old Republic will pay those sums that Massey becomes legally obligated to pay as damages because of bodily injury or property damages to which the Policies apply. (Id. at 3-4.) The Policies also contain certain pollution exclusions which basically state that the Policies do

not cover bodily injury or property damage arising from the release or escape of pollutants. (Id.)

On September 16, 2004, Civil Action 04-C-332 was filed in the Circuit Court of Mingo County, West Virginia. (Id.) The action alleged that Massey caused toxic substances, including but not limited to arsenic, manganese, iron, mercury, and selenium, to be discharged into local aquifers from which local residents draw water. (Id. at 5.) Old Republic agreed to defend Massey in Civil Action 04-C-332 subject to a complete reservation of rights. (Id. at 6.) However, on October 24, 2007, Old Republic stopped paying Massey's defense costs and filed the instant declaratory judgment action. (Doc. No. 16-2 at 2.) Massey responded by filing a third-party complaint in Civil Action 04-C-332 against Old Republic and other insurers seeking a declaration that all of those insurers owe coverage obligations to Massey. (Id.) Since that time, the state court has permitted Massey to proceed with its third-party complaint. (Doc. No. 21-2.)

## II. Jurisdiction

The court has jurisdiction over this case pursuant 28 U.S.C. § 1332 where the parties are completely diverse and the amount in controversy exceeds $75,000.00.

## III. Analysis

It is well established that federal courts have discretion to decline to exercise jurisdiction over declaratory judgment

actions.  The Federal Declaratory Judgment Act ("the Act") provides in pertinent part that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.  This Act, which is permissive on its face, is understood to bestow upon federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants."  Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995) (noting language of statute that a court "may" declare the rights and legal relations of interested parties).

In exercising its discretion, a court is to consider (1) whether the judgment would "serve a useful purpose in clarifying and settling the legal relations in issue," and (2) whether the judgment would "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."  Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937).

Here the uncertainty, insecurity, and controversy revolve around the question of whether Old Republic must continue to defend Massey in the ongoing state litigation and whether Old Republic must indemnify Massey for any damages it accrues as a

-3-

result of the state litigation. The very purpose of this declaratory judgment action is to answer those questions. Consequently, this court easily finds that the declaratory judgment action brought here would serve a useful purpose in clarifying the legal relations in issue.

Nonetheless, in cases such as the one at bar where a federal court is presented with an insurer's request for declaratory relief on coverage issues while there is pending related state litigation, this court's discretion is not only guided by the factors outlined in Quarles, but also by considerations of federalism, efficiency, and comity. Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir. 1994). The Fourth Circuit Court of Appeals has enunciated four specific factors by which the court's analysis is to be guided:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; ... (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law" [; and (iv) ] whether the declaratory judgment action is being used merely as a device for "procedural fencing"-that is, "to provide another forum in a race for res judicata" or "to achieve a federal hearing in a case otherwise not removable."

Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 257 (4th Cir. 1996)(quoting Nautilus, 15 F.3d at 376 ); Mitcheson v. Harris, 955 F.2d 235, 239 (4th Cir. 1992) (stating that absent a strong

countervailing federal interest, the federal court should not elbow its way into a controversy to render what may be an uncertain and ephemeral interpretation of state law); <u>Am. Motorists Ins. Co. v. Commonwealth Medical Liab. Ins. Co.</u>, 306 F. Supp. 2d 576, 579 (E.D. Va. 2004)(noting that the Fourth Circuit has a long history of reluctance when it comes to exercising jurisdiction over declaratory judgment actions involving the indemnification of parties to state court actions).[1]

**A.   State Interest**

Old Republic argues that the State of West Virginia does not have a particularly strong interest in having the issues raised in this federal declaratory action decided in state court because those issues are controlled by Virginia law.  (Doc. No. 19 at 8.) This court disagrees.

A federal court sitting in diversity jurisdiction must apply the conflicts of law rules of the state in which it sits.  <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487 (1941).  In cases involving the interpretation of an insurance contract made in one state but to be performed in many others, West Virginia applies the law of the state where the insurance contract was made, except where (1) there are more significant contacts in another

---

[1] Although <u>Wilton</u> overruled portions of <u>Nautilus</u> dealing with standards of review, the factors articulated by <u>Nautilus</u> with regard to whether or not a court should exercise discretion in a declaratory relief action remain useful.  <u>See</u> <u>Penn-Am. Ins. Co. v. Coffey</u>, 368 F.3d 409, 412 (4th Cir. 2004).

state, or (2) the application of another state's law violates West Virginia's public policy. Liberty Mut. Ins. Co. v. Triangle Indus. Inc., 390 S.E.2d 562, 567 (W. Va. 1990).

The West Virginia Supreme Court of Appeals has, on at least two occasions, diverged from the general rule that the law of the state of contracting should apply. See, e.g., Cannelton Indus., Inc. v. Aetna Casualty & Surety Ins. Co., 460 S.E.2d 1, 10 (W. Va. 1994), disagreed with on other grounds by State ex rel. Mitchem v. Kirkpatrick, 485 S.E.2d 445 (W. Va. 1997); Joy Tech., Inc. v. Liberty Mut. Ins. Co., 421 S.E.2d 493, 497 (W. Va. 1992). In both cases the court found the following factors persuasive in deciding to apply the law of a state other than where the contract was formed: the location of the actual property damage, the location of the operations that caused the property damage, and the forum selected to try the issues.

In the instant case the Joy and Cannelton factors all point in favor of the application of West Virginia law. The dispute involves insurance policies sold to companies existing and doing business in West Virginia, the underlying claims allege bodily injury and property damages to persons and property located in West Virginia, the alleged damage was allegedly caused by operations conducted in West Virginia, and the forum selected by all parties to try these issues is West Virginia.

Although this court need not expressly decide whether Virginia or West Virginia law applies to the instant dispute, it does find it quite possible that West Virginia law will ultimately apply.  Accordingly, the court finds that the State of West Virginia has a compelling interest in having its own courts decide this dispute, see Glenmont Hill Association. v. Montgomery County, 291 F. Supp. 2d 394 (D. Md. 2003) (explaining that when state law controls resolution of declaratory judgment action, there exists an interest in having the most authoritative voice speak on the meaning of applicable law, and that voice belongs to the state courts); SEC v. Nat'l Sec., Inc., 393 U.S. 453, 459 (1969) ("[T]he state's interest is stronger in questions of insurance law."), and therefore that the "state interest" factor weighs in favor of declining jurisdiction.

**B.   Efficiency**

When addressing the efficiency factor, the Fourth Circuit has urged district courts to conduct a "careful inquiry into 'the scope of the pending state court proceeding,' including such matters as 'whether the claims of all parties in interest [to the federal proceeding] can satisfactorily be adjudicated in [the state proceeding]." Nautilus, 15 F.3d at 378-379 (quoting Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942)).

Here the state court proceeding initiated by Massey not only addresses the issues presented by Old Republic in this case, but

-7-

also covers disputes with other insurance providers not parties to the instant matter.  (Doc. No. 21-2.)  Thus, it is unlikely that there would be a need for another action to address the issues presented here.  Moreover, the state court is already familiar with the factual and legal issues relating to the underlying claims.  Accordingly, the court finds that the "efficiency" factor weighs in favor of this court declining jurisdiction.

**C.    Entanglement**

The Fourth Circuit has held that all issues of a case should be resolved in a single court system.  <u>See</u> <u>Mitcheson</u>, 955 F.2d at 239.  Exercising jurisdiction over the federal declaratory judgment action here could result in unnecessary entanglement between the state and federal courts.  The same legal and factual issues are now being litigated in a pending state action between the same parties.  (Doc. No. 21-2.)  Similarly, a federal declaration that Old Republic has no duty to indemnify could be rendered totally unnecessary by a subsequent state verdict for Massey in the underlying state actions.  <u>See</u> <u>Indemnity Ins. Co. v. Schriefer</u>, 142 F.2d 851, 853 (4th Cir. 1944).

Accordingly, the court finds that the "entanglement" factor weighs in favor of declining jurisdiction.

**D.   Procedural Fencing**

The "fencing" factor weighs in favor of the court retaining jurisdiction for two simple reasons: (1) Massey filed the state action several months after Old Republic filed the federal action, and (2) there is no indication that Old Republic filed the federal action as a method of procedural fencing.

**E.   Stay**

Applying the four <u>Nautilus</u> factors to the instant case, the court is persuaded that the parties' dispute ought to be resolved through the pending state action.  Thus, the court declines to assert jurisdiction at this time, specifically finding that the "state interest" factor carries the most weight.  <u>Pennsylvania Nat. Mut. Ins. Co. v. Ely Wall & Ceilings, Inc.</u>, No. 4:04-1576, 2006 WL 569589 *1, 3 (D.S.C. Mar. 6, 2006) ("In the opinion of this court, [the state interest factor] is perhaps the most important consideration.").

Dismissal, however is not the appropriate remedy here.  The Supreme Court in <u>Wilton</u> noted that,

> where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy.

<u>Wilton</u>, 515 U.S. at 288 n.2.  As such, the court stays this action pending resolution of the litigation filed in the Circuit Court of Mingo County, West Virginia.

**IV. Conclusion**

The court **DENIES** Massey's Motion to Dismiss and/or Stay (Doc. No. 16), inasmuch as it requests dismissal and **GRANTS** the motion to the extent and it requests a **STAY**. This action is therefore **STAYED** pending disposition of the related suit currently pending in the Circuit Court of Mingo County, West Virginia. The parties are **DIRECTED** to inform the court promptly in writing of such disposition.

The Clerk is directed to move this case to the inactive docket of the court and send copies of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 25th day of April, 2008.

ENTER:

David A. Faber
United States District Judge